UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH CLAYTON,

    Petitioner,

v.                                              Case No. 8:08-cv-1944-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Clayton's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Clayton, an inmate at Columbia Correctional Institution, challenges his conviction for lewd and lascivious act on a child under sixteen, handling and fondling a child under sixteen, lewd and lascivious act in the presence of a child under sixteen and sexual battery, arising out of the Sixth Judicial Circuit, Pinellas County, Florida, in case no. CRC98-00164CFANO.

### *PROCEDURAL HISTORY*

On February 24, 1999, Petitioner entered a plea of nolo contendere to all charges. Pursuant to the terms of his plea, he was adjudicated guilty, and sentenced to 19.25 years in prison for sexual battery, and 15 years in prison for all other counts. The sentences ran concurrently.

On September 12, 2001, Petitioner filed a *pro se* Rule 3.850 motion for post-conviction relief. Ground one of Petitioner's motion sought the introduction of new evidence, while grounds two and three alleged the withholding of exculpatory evidence. The post-conviction court issued a nonfinal order directing the state to respond to ground one, and dismissing grounds two and three,

ruling that Petitioner could have obtained the information through the exercise of due diligence. On March 28, 2002, the post-conviction court found that the new evidence Petitioner sought to introduce would be inadmissible, and denied the motion for post-conviction relief. Petitioner subsequently filed a Rule 3.850(g) motion for rehearing. His motion was denied, and that denial was affirmed on appeal *per curiam* without a written opinion. Clayton v. State, 833 So.2d 128 (Fla. 2d DCA 2002) [table].

On March 16, 2003, Petitioner filed a motion for belated appeal, which was dismissed as untimely. Petitioner then filed a Rule 3.853 motion for post-conviction DNA testing on June 27, 2003. His motion was denied, and the denial affirmed on appeal. Clayton v. State, 869 So.2d 550 (Fla. 2d DCA 2004). Petitioner next filed a motion for disclosure of confidential information, seeking the results of DNA tests performed pursuant to Clayton's case from the Pinellas County Sherriff's Department. His motion was denied, as was his motion for rehearing; the decision was affirmed on appeal without written opinion. Clayton v. State, 896 So.2d 753 (Fla. 2d DCA 2005) [table].

On March 2, 2005, Petitioner filed another Rule 3.850 motion, alleging that new evidence had been discovered. The post-conviction court denied the motion, holding that the evidence could have been discovered through the exercise of due diligence, and that it would likely not affect the outcome of the case. Petitioner filed a belated appeal of this decision on March 19, 2007, which was authorized by the state district court. Clayton v. State, 954 So.2d 1165 (Fla. 2d DCA 2007). On review, the appellate court affirmed the denial of his Rule 3.850 motion without written opinion. Clayton v. State, 965 So.2d 1148 (Fla. 2d DCA 2007) [table].

Petitioner filed the instant petition on September 24, 2008, raising the same allegations of the discovery of new evidence and withholding of exculpatory evidence Petitioner raised in his initial Rule 3.850 motion filed in state court.

## *DISCUSSION*

### I. Petition is Time-Barred

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

The initial judgment against Petitioner was rendered on February 24, 1999. Petitioner then had 30 days to timely file an appeal of that judgment. Fla. R. App. P. 9.140(b)(3). In the absence of an appeal within 30 days, the initial judgment became final on March 26, 1999. The AEDPA's deadline for the filing of the instant petition was therefore on **March 26, 2000.**

The AEDPA does provide for tolling of the one-year time limitation period: "[t]he time during which a properly filed application for State post-conviction or other collateral review." 28

3

U.S.C. § 2244(d)(2). However, Petitioner filed his first post-conviction motion on September 12, 2001, more than a year after the AEDPA's deadline had passed. Petitioner's state court motion cannot toll the AEDPA's limitation period if that period has already expired. *See* Alexander v. Secretary, Dept. of Corrections, 523 F.3d 1291, 1294 (11th Cir. 2008) ("While a 3.850 motion is a tolling motion under § 2244(d)(2), it could not toll the one-year limitations period if that period already had expired") (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Petitioner's state court motions do not serve to toll the limitations period, and the instant petition is time-barred under the AEDPA.

## II. Procedural Default

Even if the instant petition were timely, Petitioner would not be entitled to relief because all three claims are procedurally barred. A petition under § 2254 cannot be granted unless the petitioner "has exhausted the remedies available in the courts of the State," or the state's corrective process is absent or deficient. 28 U.S.C. § 2254(b)(1). In order for a federal court to review a claim, it "must have presented his claims in state court in a procedurally correct manner." Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). "A state court's denial of a claim based on a procedural violation generally bars a federal court from considering the claim." *Id.*

Under Florida law, to exhaust available remedies, a petitioner not only file a Rule 3.850 motion, but also must file a timely appeal if that motion is denied. *See* Riley v. McNeil, 2008 WL 5245990 (M.D. Fla. 2008) (citing Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979)). Both of Petitioner's Rule 3.850 motions were not timely appealed, and the claims within them, therefore, are unexhausted and procedurally defaulted in state court.

For this Court to entertain procedurally defaulted claims, Petitioner must show either (1) cause for default and actual prejudice, or (2) a fundamental miscarriage of justice resulting in the

4

conviction of an "actually innocent" defendant. *See* <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). Petitioner has not directly alleged that he has met either of these exceptions, but even if he had, no colorable claim exists.

Petitioner alleges that his delay in filing Rule 3.850 motions stemmed from his unawareness of the existence of new evidence, or the existence of evidence withheld by the prosecution during his trial. Although his unawareness would show cause for a delay in filing the initial motions, it does not explain his failure to timely appeal the denial of his motions. Petitioner has failed to show, and nothing in the record suggests, any cause for default and actual prejudice.

For Petitioner to satisfy the "actual innocence" exception, he has to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 496, (1986)). Petitioner Clayton must show that based on the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Id.</u> at 327. Petitioner has failed to meet his burden to prove the "actual innocence" exception, and in the state court opinions denying his Rule 3.850 motions, the court found that the new evidence he sought to introduce would not meet the <u>Schlup</u> standard.

## III. Petition Fails on its Merits

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Herrera v. Collins</u>, 506 U.S. 390 (1993). Federal petitions for habeas are not meant to resolve factual disputes between a prisoner and the court that convicted him, but rather exist to ensure that no constitutional rights were violated during a prisoner's trial. Any newly discovered evidence alleged in a habeas petition must "bear upon the

5

constitutionality of the applicant's detention" to be considered by this Court. Townsend v. Sain, 372 U.S. 293, 217 (1963).

Petitioner raises three grounds in his petition, none of which implicates constitutional violations at trial. In Ground One Petitioner claims that the introduction of new evidence in the form of (1) an affidavit from a friend of the victim denying fondling, (2) evidence that a victim had a 29-year-old boyfriend at the time of the allegations against Petitioner, and (3) evidence that another person committed sexual acts with the victim near the time of the allegations against Petitioner show that he is innocent. The new evidence Petitioner seeks to introduce may pertain to his guilt or innocence, but "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Id. Ground One, therefore, does not implicate a constitutional violation in Petitioner's trial, and fails on its merit.

In Ground Two, Petitioner alleges that the prosecutor assigned to his case withheld exculpatory DNA evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), which held that the suppression of evidence favorable to a defendant is a due process violation. However, evidence is not considered to be suppressed if it was available at the time of trial through the exercise of due diligence. U.S. v. Hernandez, 313 Fed. Appx. 253, 253 (11th Cir. 2009) ("The government is not required to furnish a defendant with exculpatory evidence that is fully available through the exercise of due diligence") (citation omitted). When Petitioner raised Ground Two in his first Rule 3.850 motion, the court ruled that all of the evidence in question had been available through the exercise of due diligence. Therefore, Petitioner fails to meet the Brady standard, and fails to allege a due process violation. Ground Two fails on its merit.

In Ground Three, Petitioner also alleges the withholding of exculpatory evidence in violation of Brady. The claim stems from Petitioner's second Rule 3.850 motion. The state court

denied Petitioner's motion, reasoning that the evidence was available through the exercise of due diligence. Like Ground Two, Ground Three does not satisfactorily implicate a constitutional violation, and fails on its merit.

*CONCLUSION*

For all the above-stated reasons, it is

**ORDERED** that Clayton's petition is denied. The clerk is directed to enter judgment against Clayton and to close this case.

ORDERED at Tampa, Florida, on July 14th, 2009.

*CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED*

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forms pauperis.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Joseph Clayton